NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT L. SMALL,<br><br>                Plaintiff,<br><br>             v.<br><br>KEISHA FISHER, et al.,<br><br>                Defendants. | Civil Action No. 23-3685 (KMW) (EAP)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court is required to screen Plaintiff's complaint and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety.

## I.   BACKGROUND

Plaintiff is a state prisoner confined to South Woods State Prison. (ECF No. 1 at 6.) He is paralyzed from the waist down and restricted to a wheelchair. (*Id.*) In 2018, he filed suit against various Defendants which resulted in a settlement through which Plaintiff was to receive certain supplies – including adult diapers, cleaning wipes, and the like – on a daily basis and Plaintiff was to be seen by a doctor. (*Id.*) While Plaintiff did receive his doctor visit, he alleges that he has not been regularly receiving all of his needed supplies as stipulated in the settlement he made in his prior case. (*Id.* at 7-8.) However, Plaintiff does not detail who provides him with these supplies,

why he has not received them, or how any of the specific Defendants named in the complaint are aware of or responsible for this issue, which Plaintiff admits may not be intentional. (*Id.* at 7.)

Plaintiff further alleges that the doctor he saw prescribed him with Lyrica, a nerve medication, for pain associated with his nerve damage. (*Id.* at 8.) The doctor thereafter adjusted the dosage to reduce Plaintiff's pain. (*Id.*) Plaintiff asserts, however, that he has at times had difficulty receiving his medication, and notes that on one instance, in June 2023, Defendant Nurse Brenda told him she did not have his medication. (*Id.*) Plaintiff does not detail any other specific instances in which he was not provided the medication, nor does he provide allegations regarding why or for how long he went without the medication. (*Id.*)

Plaintiff further alleges that on July 30, 2021, he was assaulted by another inmate while awaiting the start of a class. (*Id.* at 8-9.) Plaintiff alleges that this assault occurred while no guards were present, which he alleges was contrary to prison policies, and that he believes it likely that the guards watching security cameras may have been distracted and therefore did not respond while this attack occurred. (*Id.* at 9-10.) Plaintiff does not identify any guard who was on duty or responsible for the room he was in at the time, nor does he identify any guard who should have been watching cameras but was not. (*Id.*) When the teacher arrived and witnessed the ongoing fight, however, Plaintiff alleges guards were called and the fight put to rest. (*Id.*) Plaintiff does not allege that any other staff member noticed or was otherwise aware of the fight prior to this point. (*Id.*) Plaintiff likewise fails to allege that any specific staff member was aware that this other inmate was in any way a threat to Plaintiff. (*Id.*)

Finally, Plaintiff alleges that he has had nightmares since the attack, and has asked for psychiatric help, but has only received brief visits from psychiatrists regarding these issues. (*Id.*) Plaintiff alleges that the failure to schedule more in depth appointments amounts to deliberate indifference to his medical needs. (*Id.* at 10.) Plaintiff does not describe his psychiatric issues in

detail, nor does he allege that he has been diagnosed with any serious psychological issue. (*Id.*) Although Plaintiff alleges he has filed numerous grievances related to his claims, he asserts that none have been addressed to his satisfaction. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff has paid the applicable filing fees and is a prisoner who seeks redress from employees of governmental entities, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting

3

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   DISCUSSION

Plaintiff's chief claims revolve around his allegation that he received inadequate medical care in relation to cleaning supplies, his nerve medicine, and psychiatric treatment in violation of his Eighth Amendment rights. In order to plead a medical claim under the Eighth Amendment, a prisoner must plead facts which would show that the named Defendants were deliberately indifferent to his medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that the Plaintiff plead facts which indicate both that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v.*

4

*Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)).

Turning first to the issue of cleaning supplies, Plaintiff identifies a sufficiently serious need – his need for cleaning supplies in light of his paralysis without which he will be exposed to skin lesions and infection. As to this claim, however, Plaintiff does not identify which Defendants are aware of his lack of supplies, which ones are involved in bringing him the supplies, why he has not received them, and how often he has not received his supplies. That he may occasionally not receive the correct amount or type of supply would at most amount to negligence, which is insufficient to violate the Eighth Amendment. Without further detail as to what Defendants were aware of his needs, and what Defendants were involved in failing to provide the supplies, Plaintiff has failed to plead adequate facts to permit this Court to infer that any specific named Defendant was deliberately indifferent to his needs. Plaintiff's medical supply claim must therefore be dismissed without prejudice at this time.

Plaintiff's lyrica related claim is similar. Although Plaintiff identifies his prescription and current dosage, he details only one instance in which he was actually not able to receive his medication, and states only that the nurse told him she did not have it that day. He does not detail why she did not have it, i.e., whether there was a shortage, the nurse forgot the medication in that instance, the medication was overlooked by other staff, or the prison refused to provide it, nor does he provide allegations as to which Defendants are involved with providing or denying him

5

that medication. Without further detail, this Court cannot find that the one identified instance of his medication not being provided amounts to deliberate indifference as to any named Defendant as Plaintiff has not connected any specific Defendant with his lack of appropriate medication. Plaintiff's medication claim is therefore dismissed without prejudice at this time.

Plaintiff's final medical claim revolves around the alleged failure of the prison's psychiatric department to provide Plaintiff with more than a few minutes with a psychiatrist at any given time to discuss Plaintiff's alleged psychiatric issues following his being assaulted by another inmate. As to this claim, Plaintiff provides only scant detail as to the issues he has suffered – stating only that he has had nightmares. Nightmares alone, however, do not represent a sufficiently serious medical need that the denial of further treatment would amount to a violation of the Eighth Amendment. *See, e.g., Dooley v. Wetzel*, 957 F.3d 366, 375 (3d Cir. 2020) (depression, mental trauma, pain, lack of sleep, nightmares and the like will only be sufficiently serious where properly diagnosed as a serious issue or where the need for greater treatment is "obvious to a lay person"). Indeed, although Plaintiff pleads that he has spoken, albeit briefly, with psychiatric staff multiple times regarding his issues, he does not allege that he has ever been diagnosed with a serious psychiatric problem. In light of the fact that Plaintiff has been seen by psychiatric staff, and has not pled facts which would make the need for further treatment patently obvious to a layman, Plaintiff has failed to plead a plausible claim for relief, and his final medical claim must also be dismissed without prejudice at this time.

In his last claim, Plaintiff alleges that his being attacked by another inmate amounts to a failure to protect him by unspecified prison staff. In order to plead a plausible claim for failure to protect, a plaintiff must plead facts indicating that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the named Defendants were "deliberately indifferent" to that risk, resulting in harm to the Plaintiff. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428,

438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. While Plaintiff's complaint certainly outlines that he was subjected to an attack, he does not allege that any specific guard or prison staff member was aware that the attack was likely to occur, nor had reason to know that the inmate who attacked Plaintiff posed a threat to Plaintiff. Plaintiff pleads only that, contrary to prison policy, no guard was present at the time of the attack. He does not allege or identify what guard *should* have been present at the time and failed to fulfill his duties,[1] nor does he otherwise set forth information as to how any of the named Defendants specifically were personally involved in failing to protect him or otherwise were deliberately indifferent to the danger posed by the other inmate. Plaintiff's failure to protect claim therefore fails to state a plausible claim for relief. As such, and because Plaintiff's medical claims failed to state a plausible basis for relief, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to plead a claim for which relief may be granted. Because Plaintiff could plead additional facts to cure these deficiencies, however, Plaintiff shall be granted leave to file an amended complaint within thirty days.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** in its entirety, and Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[1] Although Plaintiff names several John Does in his complaint, he does not connect any of them directly with the attack incident or any of his other claims.