UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT L. SMALL,

        Plaintiff,

        v.

KEISHA FISHER, et al.,

        Defendants.

Civil Action No. 23-3685 (KMW) (EAP)

**MEMORANDUM ORDER**

      This matter comes before the Court on Plaintiff Robert Small's amended complaint. (ECF No. 9.) In his amended complaint, Plaintiff, who is confined to a wheelchair and requires cleaning supplies and pain medication in his daily life, seeks to raise three classes of claims – a failure to protect claim raised against officers who were not present when he was attacked by another inmate in a prison day room, a denial of psychiatric care claim against the prison and its psychiatric care for allegedly failing to provide him treatment for the emotional fall out from that assault, and a denial of medical care claim against the prison's nursing and supervisory staff for failing to provide him adequate cleaning supplies and failing to consistently provide him with prescribed pain medication.

      Because Plaintiff is a prisoner who seeks redress from employees of governmental entities, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

The Court turns first to Plaintiff's failure to protect claims. In those claims, Plaintiff asserts that on July 29, 2021, he got into some kind of conflict with another inmate which he does not detail other than stating that he was "assaulted." (ECF No. 9 at 4-5.) Plaintiff does not clearly allege that any specific guard or staff member saw this incident, but appears to imply that at least

2

some officers did. (*Id.*) On July 30, 2021, Plaintiff was placed into a dayroom alongside this other inmate. (*Id.*) No guards were present in the room, and Plaintiff speculates that the guards who should have been watching camera coverage of the room were distracted by televisions. (*Id.*) During a 25 minute period, the other inmate splashed Plaintiff with urine and then attacked him with part of his wheelchair, resulting in Plaintiff being sent to a hospital when the incident was eventually broken up when a prison teacher entered the room. (*Id.*)

In order to plead a plausible claim for failure to protect, a plaintiff must plead facts indicating that he was "incarcerated under conditions posing a substantial risk of serious harm" and that the named Defendants were "deliberately indifferent" to that risk, resulting in harm to the Plaintiff. *Belt v. Fed. Bureau of Prisons*, 336 F. Supp. 3d 428, 438-39 (D.N.J. 2018); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). An officer will only be deliberately indifferent where he knew of and disregarded a known risk of serious harm. *Belt*, 336 F.3d at 438. While Plaintiff alleges that he was attacked by another inmate, his own allegations are that no staff were present or noticed the attack until the teacher arrived and called for help, ending the incident. Although Plaintiff alleges he had a prior run in with this same inmate the previous day, he does not allege that any specific staff member was aware of this incident, or should have known that an assault would recur. Likewise, although Plaintiff alleges that Defendant Henry was absent from the room in contravention of the prison rules at the time of the assault, he does not allege that Henry knew that this other inmate had fought with Plaintiff or otherwise posed a direct threat to Plaintiff other than that the inmate in question had been placed in prison disciplinary housing for unspecified reasons. In the absence of clear facts indicating that Henry had reason to know that this inmate was likely to attack Plaintiff – such as Henry actually having viewed the previous assault or having heard threats be made – Henry's absence alone is insufficient to support a failure to protect claim. Plaintiff has thus failed to plead

3

facts which would support a failure to protect claim against any individual staff member, and his failure to protect claims must be dismissed without prejudice as a result.

Plaintiff's attempt at using alleged absent staff as a means of raising his claim against the prison and its administrators likewise fails to state a valid claim for relief. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As a civil rights defendant may not be held vicariously liable for the actions of his subordinates, and a defendant will only be subject to a civil rights suit where he was either directly involved in the alleged violation, directed others to engage in the alleged improper conduct, had *actual* knowledge of the alleged wrong and acquiesced in its occurrence, or instituted specific policies or practices which were the moving force behind the violation. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Here, Plaintiff plainly claims that the lack of staff in the room was a violation of the applicable prison rules. Thus, Plaintiff fails to connect the supervisory Defendants to his claims, and his failure protect claims must be dismissed as to these Defendants as well.

Plaintiff also seeks to raise all of his claims against several state entities – specifically the New Jersey Department of Corrections, South Woods State Prison, and a prison department responsible for mental health treatment. However, state departments of corrections, state prisons, and the departments within state prisons, are not proper Defendants in a civil rights matter, as state entities are both not persons and are in any event entitled to Eleventh Amendment immunity. *See, e.g., Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State*

*Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Therefore, Plaintiff's claims against these state entities are dismissed with prejudice.[1]

Plaintiff's remaining claims all allege deliberate indifference to Plaintiff's medical or psychiatric needs. In order to plead a medical claim under the Eighth Amendment, a prisoner must plead facts which would show that the named Defendants were deliberately indifferent to his medical needs. *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). This requires that the Plaintiff plead facts which indicate both that he had a sufficiently serious medical need, and that the defendants engaged in actions or omissions which indicate they were deliberately indifferent to that serious need. *Id.* A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant's actions or omissions will in turn amount to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are

---

[1] Although this Court will dismiss Plaintiff's claims against the prison's mental health department with prejudice to the extent it is an integral part of the prison, the Court notes that if the mental health services are provided by an outside contracting agency, and Plaintiff pled facts showing that this outside company violated his rights, he may yet pursue a claim against this third party entity. Thus, the dismissal of the mental health department is without prejudice to a potential claim against any outside psychiatric or medical contractor.

generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir. 1979)).

In his first medical claim, Plaintiff asserts that he believes he received inadequate psychiatric care for his nightmares and self-diagnosed depression following the assault against him in July 2021. Nightmares alone, however, do not represent a sufficiently serious medical need that the denial of further treatment would amount to a violation of the Eighth Amendment. *See, e.g., Dooley v. Wetzel*, 957 F.3d 366, 375 (3d Cir. 2020) (depression, mental trauma, pain, lack of sleep, nightmares and the like will only be sufficiently serious where properly diagnosed as a serious issue or where the need for greater treatment is "obvious to a lay person"). While depression, if diagnosed, may well support a medical claim if untreated, Plaintiff does not allege that he has ever actually been so diagnosed by medical staff, and instead rests only on his own untrained medical opinion, which is insufficient to support a claim for relief. *Lanzaro*, 834 F.2d at 347. Even were they sufficient, the only clear Defendants raised in relation to the mental health claim are the prison's mental health department, which is not a proper Defendant as discussed above. Plaintiff's deliberate indifference to mental health needs claims are therefore dismissed without prejudice.

Finally, turning to Plaintiff's claims related to his pain medication and cleaning supplies, Plaintiff has pled facts showing that a number of members of the nursing staff on numerous occasions failed to provide sufficient supplies or doses of his pain medication. Having reviewed those allegations, this Court finds no basis to dismiss them as to the named nursing staff, and will therefore permit this claim to proceed against Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe nurse Defendants.

Plaintiff also appears to be seeking to raise these medical claims against prison supervisors and medical doctors at the prison, but has alleged no facts connecting those doctors to the missed medication or insufficient supplies. As Plaintiff has failed to provide any factual allegations indicating these supervisory and doctor Defendants were personally involved, and has not identified any rule, practice, or procedure, which caused the issue, he has failed to plead a plausible supervisory claim for relief, and his claims against the doctors and supervisors must therefore be dismissed without prejudice. *Rode*, 845 F.2d at 1207.

**IT IS THEREFORE** on this 3 day of February, 2024,

**ORDERED** that the Clerk of the Court shall re-open this matter; and it is further

**ORDERED** that Defendants South Woods State Prison, the New Jersey Department of Corrections, and the prison's Mental Health Department are **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that medical claims shall **PROCEED** at this time as to Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe nurse Defendants; and it is further

**ORDERED** that Plaintiff's remaining claims are all **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for each of Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe nurse Defendants; and it is further

**ORDERED** that Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Room 1050, Camden, NJ 08101; and it is further

7

**ORDERED** that, upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the amended complaint (ECF No. 9), summons, and this Order upon Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe nurse Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe nurse Defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997(e)(g)(2); and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

Hon. Karen M. Williams,
United States District Judge