[ECF No. 16]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ROBERT L. SMALL,** | |
| **Plaintiff,** | |
| v. | Civil No. 23-3685 (KMW/EAP) |
| **KEISHA FISHER, et al.,** | |
| **Defendants.** | |

**MEMORANDUM ORDER**

This matter comes before the Court on the Motion for Appointment of *Pro Bono* Counsel, ECF No. 16, filed by *pro se* Plaintiff Robert L. Small. No opposition has been filed. The Court exercises its discretion to decide Plaintiff's Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

**I.   BACKGROUND**

On July 10, 2023, Plaintiff, a prisoner in South Woods State Prison, initiated this *pro se* civil rights action, pursuant to 42 U.S.C. § 1983, alleging various claims against prison officials and staff. *See* ECF No. 1, Complaint. Following a *sua sponte* screening of the complaint, pursuant to 28 U.S.C. § 1915A, the Court dismissed the action in its entirety for failure to state a claim for relief. *See* ECF No. 6, Memorandum Opinion.

On December 11, 2023, Plaintiff filed an amended complaint against Defendants Timothy Berry, Willie Bonds, Dr. S. Collier, Keisha Fisher, Heather Griffith, Correctional Officer Henry, John Does 1-4, Linda Linen, Jiselle Luciano, Dr. Malta, New Jersey Department of Corrections,

South Woods Medical Department, South Woods Mental Health Department, South Woods State Prison, Nurse Brenda, Nurse Stephanie, Nurse Rosa, Nurse Taylor, Nurse Angie, Nurse Erin, R.N. Denise, and multiple John/Jane Does. *See* ECF No. 9, Amended Complaint ("Am. Compl."). In that Amended Complaint, Plaintiff set forth failure to protect claims—relating to an attack by another inmate—against the correctional officers, the New Jersey Department of Corrections, South Woods State Prison, and South Woods Mental Health Department. Am. Compl. ¶¶ 12-24. Plaintiff also alleged deliberate indifference to his psychiatric well-being for failure to treat his nightmares and depression resulting from the attack. *Id.* ¶¶ 25-29. Finally, Plaintiff asserted deliberate indifference to his serious medical needs based on medical staff's failure to give him either his pain medication or cleaning supplies (including underpads, sanitary wipes, trash bags, and latex gloves) necessitated by his upper extremity pain, headaches, lower extremity paralysis, incontinence, and confinement to a wheelchair. *Id.* ¶¶ 1, 32-72.

In a February 13, 2024 Memorandum Opinion, the Court screened the Amended Complaint under § 1915A and dismissed the failure to protect claims against all Defendants. ECF No. 10, Memorandum Opinion, at 2-5. The Court also dismissed his deliberate indifference claim as it related to his mental health needs. *Id.* at 5-6. To the extent his claims involved denial of pain medication and cleaning supplies, however, the Court found that they were non-frivolous as alleged against Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe Defendants. *Id.* at 6-7.

Plaintiff effectuated service on all remaining Defendants, except for Nurse Erin. ECF Nos. 12, 13, 14. On November 1, 2024, following several months of no activity on the docket, the Court issued a Notice of Call for dismissal pursuant to L. Civ. R. 41.1. *See* ECF No. 15.

2

On November 25, 2024, Plaintiff filed the present Motion seeking appointment of *pro bono* counsel. *See* ECF No. 16 (Pl.'s Mot.). In support of his Motion, Plaintiff alleges that he is paralyzed from the wait down and wheelchair bound, and suffers from "sharp and dull pains throughout [his] back, tingling sensations in [his] arms, hands, and finger tips, migraine headaches, dizzy spells, and [he] use[s] adult briefs to contain any and all bodily waste." ECF No. 16, Certification of Robert Small ("Small Certif.") ¶ 2. Plaintiff also claims that this case is an extension of a previous complaint against the prison for the same issues he raises in the current complaint, and the Court granted him *pro bono* counsel in that prior case. *Id.* ¶¶ 5-7. Plaintiff seeks *pro bono* counsel in this action for the same reasons; that is, he would be unlikely to be able to adequately present his case to a jury, the Court may need to hear the testimony of medical experts, and a portion of claims may turn on credibility determinations. *Id.* ¶¶ 6-8. No opposition to Plaintiff's Motion has been filed.

## II.   DISCUSSION

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). Nevertheless, Congress has granted district courts statutory authority to "request" appointed counsel for indigent civil litigants. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"). The United States Court of Appeals for the Third Circuit has interpreted § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The decision to appoint counsel may be made at any point in the litigation and may be raised by a district court *sua sponte. Id.* at 156.

3

In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155; *see also Parham*, 126 F.3d at 457. If a claimant overcomes this threshold hurdle, the district court should consider a number of additional factors in assessing a claimant's request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations, and; (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57. "[T]his list of factors is not exhaustive, but instead should serve as a guidepost for the district courts." *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). In addition, the Third Circuit cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron*, 6 F.3d at 157); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

Here, without engaging in an extensive analysis of the amended complaint's substantive merit the Court will assume—solely for the purpose of this Motion—that Plaintiff has satisfied his threshold burden of presenting a claim with some merit in fact and law. Plaintiff brings claims for deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. The Court has already found that "Plaintiff has pled facts showing that a number of members of the nursing staff on various occasions failed to provide sufficient supplies or doses of his pain medication." ECF No. 10, Memorandum Opinion, at 6. Accordingly, the Court turns to the question of whether appointment of counsel is warranted under the *Tabron* factors.

The first *Tabron* factor requires an evaluation of whether the litigant is capable of presenting his or her own case. *Montgomery*, 294 F.3d at 501. This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action. *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007). This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience. *Tabron*, 6 F.3d at 156. This factor constitutes "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501.

A review of the record indicates that Plaintiff is competent and capable of litigating this matter himself. Plaintiff's filings to the Court demonstrate his ability to adequately read, write, and understand English and the legal process. Even without the assistance of counsel, Plaintiff initiated this action through a complaint. Although his original complaint was dismissed, Plaintiff was able to timely file an amended complaint setting forth some causes of action that survived screening under § 1915A. Plaintiff then completed the USM-285 forms required for the U.S. Marshals to effectuate service on the Defendants. *See* ECF Nos. 11-12. Thereafter, in response to the Court's November 1, 2024 Notice of Call for Dismissal Pursuant to L. Civ. R. 41.1(a), ECF No. 15, Plaintiff promptly filed the current Motion to Appoint *Pro Bono* Counsel. *See* Pl.'s Mot. Throughout these filings, Plaintiff has not alleged any limitations involving his education, literacy, or ability to understand English. Although Plaintiff states that he "does not know what he is doing," *id.* ¶ 4, this fact applies to most *pro se* litigants and does not require appointment of counsel. *See Cousar v. Stack*, No. 20-1259, 2022 WL 376618, at *1 (D.N.J. Feb. 8, 2022) ("[A] lack of legal experience alone is not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties" (internal quotation omitted)).

Plaintiff also contends that he was granted *pro bono* counsel in previous litigation against the prison, *see Small v. Warren*, Civ. A. No. 15-8886, ECF No. 29, and that the current complaint is simply an extension of that previous complaint, Pl.'s Mot. ¶¶ 5, 7. That prior case, however,

5

involved more complicated allegations against New Jersey State Prison for confiscating Plaintiff's wheelchair and shower chair, without explanation, *Small v. Warren*, Civ. A. No. 15-8886, ECF No. 37, ¶ 33, and against South Woods State Prison for not providing him with sufficient adult diapers or a hospital bed, *id.* ¶¶ 44-45, 48, and for not collecting his soiled diapers, *id.* ¶¶ 54-55. At the time *pro bono* counsel was appointed, all defendants had been served and filed answers and the matter was ready to proceed through discovery.  By contrast here, none of the Defendants have filed an answer, and Plaintiff has not sought default judgment.  Given the early stages of this case, appointment of counsel is premature.

The second factor concerns the complexity of the legal issues presented in the case.  Courts should be more inclined to appoint counsel when the legal issues are complex.  *Tabron*, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." (quotation omitted)).  Plaintiff alleges that there may be a need for medical experts regarding Plaintiff's condition and that a portion of his claim may turn on a credibility determination, rendering appointment of counsel appropriate.  Pl.'s Mot. ¶ 6.  Aside from this general statement, however, Plaintiff provides no basis to find that his claims—raising concerns of failure to provide medication and sanitary supplies—involve complex fact or legal issues.  Therefore, the second *Tabron* factor weighs against the appointment of counsel.

The third factor focuses on the degree and/or difficulty of any expected factual investigation the case may require, and the ability of Plaintiff to conduct such an investigation. *Tabron*, 6 F.3d at 156.  Claims that are likely to require extensive discovery and compliance with complex discovery rules may warrant the appointment of counsel.  *Id.*  Plaintiff does not directly address this factor in his Motion or discuss what discovery he requires to litigate his claims.  The allegations in Plaintiff's Complaint demonstrate that he already has knowledge of the alleged deliberate indifference by prison employees, and in fact, litigated similar claims on a previous

occasion. Presently, it does not presently appear that the investigation in this case will be extensive or that the discovery will be beyond Plaintiff's capabilities. As such, the Court finds the third *Tabron* factor weighs against the appointment of counsel.

The fourth factor for consideration is the likelihood a case will turn on credibility determinations. *Id.* While most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 156 (citation omitted). At this phase in the procedural life of the case, and because Plaintiff does not address this factor, the Court cannot answer whether the case will be "solely a swearing contest." Therefore, the fourth *Tabron* factor is neutral, if not slightly against the appointment of counsel.

The fifth factor considers the extent to which expert testimony may be required. *Id.* Where a case will likely require such testimony, the appointment of counsel may be warranted. *Id.* The Third Circuit, however, has noted that appointment of counsel is not required in every case where expert testimony may be warranted. *See Lasko v. Watts*, 373 F. App'x 196, 202 (3d Cir. 2010). Plaintiff's Motion does not address this factor, and Plaintiff does not argue that expert testimony will be necessary to present his claim in this case. Moreover, a review of Plaintiff's Complaint does not highlight any allegations that are inordinately difficult to prove without the assistance of an expert witness. Accordingly, the Court finds that the fifth *Tabron* factor weighs against the appointment of counsel.

The final *Tabron* factor considers whether the litigant is financially capable of retaining his own counsel. *Parham*, 126 F.3d at 461. Plaintiff does not address this factor, and the Court notes that he was capable of paying the filing fee. Nonetheless, the Court remains cognizant that Plaintiff is incarcerated and potentially does not have access to a source of income. That factor

alone, however, does not require the Court to appoint *pro bono* counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410-11 (D.N.J. 2002) (denying application for *pro bono* counsel where indigency was the "only one of the six factors . . . weigh[ing] in favor of appointment of counsel . . . ."). Nevertheless, the Court finds that the sixth Tabron factor weighs in favor of the appointment of counsel.

### III.  CONCLUSION

Because four of the six the *Tabron* factors weigh against the appointment of counsel, one is, at best, neutral, and one supports the appointment of counsel, the Court denies Plaintiff's Motion without prejudice. As this case proceeds, if Plaintiff can present new circumstances that warrant appointment of counsel, he may renew his motion.

Accordingly, for all the foregoing reasons,

**IT IS** this **24th** day of **April 2025**,

**ORDERED** that Plaintiff's Motion to Appoint *Pro Bono* Counsel, ECF No. 16, is **DENIED WITHOUT PREJUDICE**. This Order is entered without prejudice to Plaintiff's right to re-file his motion if warranted by material, relevant developments and/or a change in circumstances; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was mailed.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc:  Hon. Karen M. Williams, U.S.D.J.

8