[ECF No. 20]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **ROBERT L. SMALL,**  **Plaintiff,**  v.  **KEISHA FISHER, et al.,**  **Defendants.** | Civil No. 23-3685 (KMW/EAP) |

## MEMORANDUM ORDER

This matter comes before the Court on the Renewed Motion for Appointment of *Pro Bono* Counsel, ECF No. 20, filed by *pro se* Plaintiff Robert L. Small. No opposition has been filed. The Court exercises its discretion to decide Plaintiff's Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, Plaintiff's Motion is **GRANTED**.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 10, 2023, Plaintiff, a prisoner in South Woods State Prison, initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging various claims against prison officials and staff. *See* ECF No. 1 (Compl.). Following a *sua sponte* screening of the Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed the action in its entirety for failure to state a claim for relief. *See* ECF No. 6 (Op.).

On December 11, 2023, Plaintiff filed an Amended Complaint against Defendants Timothy Berry, Willie Bonds, Dr. S. Collier, Keisha Fisher, Heather Griffith, Correctional Officer Henry, Linda Linen, Jiselle Luciano, Dr. Malta, the New Jersey Department of Corrections, South Woods Medical Department, South Woods Mental Health Department, South Woods State Prison, Nurse Brenda, Nurse Stephanie, Nurse Rosa, Nurse Taylor, Nurse Angie, Nurse Erin, R.N. Denise, and

multiple John/Jane Does. *See* ECF No. 9 (Am. Compl.). In that Amended Complaint, Plaintiff set forth failure to protect claims—relating to an attack by another inmate—against the correctional officers, the New Jersey Department of Corrections, South Woods State Prison, and South Woods Mental Health Department. *Id.* ¶¶ 12-24. Plaintiff also alleged deliberate indifference to his psychiatric well-being based on Defendants' failure to treat his nightmares and depression resulting from the attack. *Id.* ¶¶ 25-29. Finally, Plaintiff asserted deliberate indifference to his serious medical needs based on the medical staff's failure to give him either his pain medication or cleaning supplies (including underpads, sanitary wipes, trash bags, and latex gloves) necessitated by his upper extremity pain, headaches, lower extremity paralysis, incontinence, and confinement to a wheelchair. *Id.* ¶¶ 1, 32-72.

In a February 13, 2024 Memorandum Order, the Court screened the Amended Complaint under § 1915A and dismissed the failure to protect claims against all Defendants. ECF No. 10 (Mem. Order) at 2-5. The Court also dismissed Plaintiff's deliberate indifference claim as it related to his mental health needs. *Id.* at 5-6. To the extent that his claims involved denial of pain medication and cleaning supplies, however, the Court found that they were non-frivolous as alleged against Defendants Nurse Erin, Nurse Rosa, Nurse Stephanie, Nurse Denise, Nurse Taylor, Nurse Angie, Nurse Brenda, and the Jane Doe Defendants. *Id.* at 6-7.

Plaintiff effectuated service on all remaining Defendants, except for Nurse Erin. ECF Nos. 12, 13, 14. On November 1, 2024, following several months of no activity on the docket, the Court issued a Notice of Call for dismissal pursuant to L. Civ. R. 41.1. *See* ECF No. 15 (Notice).

On November 25, 2024, Plaintiff filed a motion seeking appointment of *pro bono* counsel. *See* ECF No. 16. On April 24, 2025, the Court denied that motion without prejudice, finding that Plaintiff was "competent and capable of litigating this matter himself" and noting that Plaintiff had filed coherent pleadings and "had not alleged any limitations involving his education, literacy, or

ability to understand English." ECF No. 18 (Apr. 24, 2025 Mem. Order) at 4-5. In addition, the Court noted that Plaintiff had provided no basis to find either that his claims involved complex fact or legal issues or that extensive factual investigation would be required. *Id.* at 5-7. Finally, the Court observed that Plaintiff had not identified the need for any expert witnesses. *Id.* at 7. The Court remarked, however, that "[a]s this case proceeds, if Plaintiff can present new circumstances that warrant appointment of counsel, he may renew his motion." *Id.* at 8.

Thereafter, the docket reflects no activity until the Court's Notice of Call for Dismissal pursuant to L. Civ. R. 41.1(a), for lack of prosecution. ECF No. 19 (Notice). In response, Plaintiff renewed his Motion to Appoint *Pro Bono* Counsel, ECF No. 20 (Pl.'s Mot.), addressing some of the Court's previous bases for denying appointment of counsel. No Defendant has opposed the Motion, making it ripe for disposition.

## DISCUSSION

Plaintiff's renewed Motion raises several new arguments that address the Court's previous concerns about appointing *pro bono* counsel. Having considered these new assertions under the relevant legal standard, the Court finds that *pro bono* counsel is warranted.[1] At the risk of repetition, but for the sake of comprehensiveness, the Court repeats some of its prior legal discussion.

Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Nevertheless, Congress has granted district courts statutory authority to "request" appointed counsel for indigent civil

---

[1] Because Plaintiff is a *pro se* litigant and his Motion was signed under penalty of perjury in accordance with 28 U.S.C. § 1746, the Court must consider the statements therein as equivalent to statements in an affidavit. *Parkell v. Danberg*, 833 F.3d 313, 320 n.2 (3d Cir. 2016); *see also Ziegler v. Eby*, 77 F. App'x 117, 120 (3d Cir. 2003) (noting that a verified complaint may qualify as an affidavit).

litigants. *See* 28 U.S.C. § 1915(e)(1) (providing that "[t]he court may request an attorney to represent any person unable to afford counsel"). The United States Court of Appeals for the Third Circuit has interpreted § 1915 as affording district courts "broad discretion" to determine whether appointment of counsel in a civil case would be appropriate. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The decision to appoint counsel may be made at any point in the litigation and may be raised by a district court *sua sponte. Id.* at 156.

In *Tabron*, the Third Circuit developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants. *Id.* at 155-58. As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law. *Tabron*, 6 F.3d at 155; *see also Parham*, 126 F.3d at 457. If a claimant overcomes this threshold hurdle, the district court should consider a number of additional factors in assessing a claimant's request for counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57. "[T]his list of factors is not exhaustive, but instead should serve as a guidepost for the district courts." *Parham*, 126 F.3d at 458 (citing *Tabron*, 6 F.3d at 155). In addition, the Third Circuit cautioned that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* (citing *Tabron*, 6 F.3d at 157); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (same).

As previously, the Court will assume—solely for the purpose of this Motion—that Plaintiff has satisfied his threshold burden of presenting a claim with some merit in fact and law. Plaintiff brings claims for deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. The

Court has already found that "Plaintiff has pled facts showing that a number of members of the nursing staff on various occasions failed to provide sufficient supplies or doses of his pain medication."  ECF No. 10 (Mem. Order) at 6.  Accordingly, the Court turns to the question of whether appointment of counsel is warranted under the *Tabron* factors.

The first *Tabron* factor requires an evaluation of whether the litigant is capable of presenting his or her own case.  *Montgomery*, 294 F.3d at 501.  This factor will weigh against the appointment of counsel where the litigant is capable of pursuing his or her own action.  *See Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007).  This capability should be measured through an analysis of the litigant's literacy, education, ability to understand English, prior work experience, and prior litigation experience.  *Tabron*, 6 F.3d at 156.  This factor constitutes "[p]erhaps the most significant of *Tabron*'s post-threshold factors." *Montgomery*, 294 F.3d at 501.

With respect to this factor, the Court previously found that:

> A review of the record indicates that Plaintiff is competent and capable of litigating this matter himself.  Plaintiff's filings to the Court demonstrate his ability to adequately read, write, and understand English and the legal process.  Even without the assistance of counsel, Plaintiff initiated this action through a complaint.  Although his original complaint was dismissed, Plaintiff was able to timely file an amended complaint setting forth some causes of action that survived screening under § 1915A.  Plaintiff then completed the USM-285 forms required for the U.S. Marshals to effectuate service on the Defendants.  *See* ECF Nos. 11-12.  Thereafter, in response to the Court's November 1, 2024 Notice of Call for Dismissal Pursuant to L. Civ. R. 41.1(a), ECF No. 15, Plaintiff promptly filed the current Motion to Appoint *Pro Bono* Counsel.  *See* Pl.'s Mot.  Throughout these filings, Plaintiff has not alleged any limitations involving his education, literacy, or ability to understand English.  Although Plaintiff states that he "does not know what he is doing," *id.* ¶ 4, this fact applies to most *pro se* litigants and does not require appointment of counsel.  *See Cousar v. Stack*, No. 20-1259, 2022 WL 376618, at *1 (D.N.J. Feb. 8, 2022) ("[A] lack of legal experience alone is not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties" (internal quotation omitted)).

ECF No. 18 (Mem. Order) at 5.

In his current Motion, however, Plaintiff clarifies that his original Complaint, his Amended Complaint, his prior *pro bono* counsel motion, and "anything Mr. Small has ever filed with this Court, or any other Court" was "composed by someone else, and Mr. Small simply copied what was before him." Pl.'s Mot. ¶ 5. Plaintiff further avers that he did not complete the ninth grade in school, and that the reason for his lack of prosecution of his case activity "is because Mr. Small doesn't know what to do." *Id.* ¶ 6. He also claims to be further hampered by "sharp and dull pain throughout his back, tingling sensations in [his] arms, hands, and finger tips, migraine headaches, dizzy spells, and uses adult briefs to contain any and all bodily waste." *Id.* ¶ 2. Given these new assertions, the first *Tabron* factors weighs in favor of appointment of counsel.

The second factor concerns the complexity of the legal issues presented in the case. Courts should lean towards appointment of counsel when the legal issues are complex. *Tabron*, 6 F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." (quotation omitted)). Here, Plaintiff contends that the prison continues to disregard his serious medical needs by depriving him of his pain medications and his sanitary products. Pl.'s Mot. ¶ 9. The Court of Appeals for the Third Circuit has held that "§ 1983 civil rights case[s] alleging deliberate indifference to a prisoner's serious medical needs can raise sufficiently complex legal issues to require appointment of counsel." *Montgomery*, 294 F.3d at 502 (citing *Parham*, 126 F.3d at 459). The difficulty of these legal issues must further be considered "'in conjunction with . . . the plaintiff's capacity to present his own case.'" *Id.* at 502 (quoting *Tabron*, 6 F.3d at 157)). Indeed, even where "the ultimate issue may be comprehensible, courts must still look to the proof going towards the ultimate issue and the discovery issues involved." *Parham*, 126 F.3d at 459; *see also Ali v. Univ. Corr. Health Care*, No. 17-1285, 2017 WL 3736652, at *7 (D.N.J. Aug. 30, 2017) (finding a claim arising from lack of care for an incarcerated plaintiff's Hepatitis-C to be "sufficiently complex" to warrant appointment of counsel). The Court finds that Plaintiff's claims of deliberate indifference

6

to his pain and medical condition, exacerbated by the fact that Plaintiff "is in administrative segregation, and does not have physical access to the law library to research his case," Pl.'s Mot. ¶ 10, renders his ability to litigate these issues difficult. Therefore, the second *Tabron* factor weighs in favor of the appointment of counsel.

The third factor focuses on the degree and/or difficulty of any expected factual investigation the case may require, and the ability of Plaintiff to conduct such an investigation. *Tabron*, 6 F.3d at 156. Claims that are likely to "require extensive discovery and compliance with complex discovery rules" may warrant the appointment of counsel. *Id.* Having not previously addressed this factor, Plaintiff's current Motion asserts that he "is an uneducated prisoner, who does not have the slightest idea[] on what to do next." Pl.'s Mot. ¶ 10. He also notes that he will require "sensitive security documents" that the prison will likely not divulge to him as a prisoner. *Id.* ¶ 12. While such requests for documents and medical records from different sources are likely to be met with resistance, the Court does not suspect that the necessary factual discovery will be particularly onerous in this case. As such, the Court finds the third *Tabron* factor weighs only slightly in favor of the appointment of counsel.

The fourth factor focuses on the likelihood a case will turn on credibility determinations. *Tabron*, 6 F.3d at 156. Because most cases turn on credibility determinations, this factor will only weigh in favor of the appointment of counsel where the trial is expected to be "solely a swearing contest." *Parham*, 126 F.3d at 460. Thus, in considering this factor a court must evaluate the degree to which "witness credibility is a key issue." *Tabron*, 6 F.3d at 156 (citation omitted). Although Plaintiff's prior motion did not address this factor, Plaintiff's current Motion asserts that this case will turn on whether a jury believes his version of the events or those of the nurses, doctors, and correctional officers involved. Pl.'s Mot. ¶ 13. The Court finds this argument speculative given the early stage of the case and thus, cannot determine whether the case will involve "solely a swearing contest." *See Araque v. Hudson Cnty. Bd. of Freeholders*, No. 22-

7

3704, 2024 WL 1987822, at *3 (D.N.J. May 6, 2024) (finding the fourth *Tabron* factor neutral where the court could not yet answer whether credibility was at issue). As such, the fourth *Tabron* factor remains neutral.

The fifth factor considers the extent to which expert testimony may be required. *Tabron*, 6 F.3d at 156. Where a case will likely require such testimony, the appointment of counsel may be warranted. *Id.* "Medical deliberate indifference claims under the Eighth Amendment generally require expert medical testimony." *Pajo v. Agri-Indus.*, No. 21-10423, 2023 WL 4407678, at *4 (D.N.J. July 7, 2023) (citing *Colston v. Corr. Med. Servs.*, 256 F. App'x 551, 553 (3d Cir. 2007) (further citations omitted)). Although Plaintiff's original motion did not address this factor, his current Motion contends that "[a]n expert will be necessary to explain, to the jury, the lasting psychological effect of sitting, sleeping, and eating in your own urine and feces for 24 hours." Pl.'s Mot. ¶ 9. He further argues that "[a]n expert will be necessary to explain to the jury, the lasting psychological effect of going without your needed pain medication." *Id.* Such allegations establish that expert testimony may ultimately be necessary. *See Montgomery*, 294 F.3d at 504 ("This Court has recognized the need for expert testimony in proving a claim based on medical injury.") (citing *Parham*, 126 F.3d at 460). Accordingly, the Court finds that the fifth *Tabron* factor weighs in favor of the appointment of counsel.

The final *Tabron* factor considers whether the litigant is financially capable of retaining his own counsel. *Parham*, 126 F.3d at 461. The Court remains cognizant that Plaintiff is incarcerated and potentially does not have access to a source of income. While that factor alone does not require the Court to appoint *pro bono* counsel, it nevertheless adds to the scale in favor of appointment of counsel.

## CONCLUSION

Because five of the six *Tabron* factors weigh in favor of *pro bono* counsel and one is neutral, the Court finds that Plaintiff has sufficiently established a need for the appointment of counsel. Accordingly, for all the foregoing reasons,

**IT IS** this **15th** day of **January 2026**,

**ORDERED** that Plaintiff's Motion to Appoint *Pro Bono* Counsel, ECF No. 20, is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is hereby directed to select an attorney for appointment from the Civil *Pro Bono* Panel, in accordance with procedures set forth in Appendix H, Local Rules for the United States District Court for the District of New Jersey. However, while the Court has granted Plaintiff's Motion and is directing that an attorney be selected, the Court cautions Plaintiff that there is no guarantee that an attorney will be willing to accept Plaintiff's case; and it is further

**ORDERED** that the case schedule will be determined at the Initial Scheduling Conference after counsel is appointed; and it is further

**ORDERED** that the Clerk's Office shall forward a copy of this Order to Plaintiff's address via regular mail and shall enter a notation on the docket indicating the date upon which this Order was mailed.

s/Elizabeth A. Pascal<br>
ELIZABETH A. PASCAL<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.